CARLISLE SCHOOL DISTRICT No. 3 of LONOKE COUNTY *v.* CARLISLE DEVELOPMENT CO. ET AL

5-4242                                   417 S. W. 2d 952

Opinion delivered September 11, 1967

*J. B. Reed,* for appellant.

*James M. Thweatt* and *Joe P. Melton,* for appellees.

GEORGE ROSE SMITH, Justice. The appellant school district and the principal appellee, a residential development company, own large adjoining tracts of land in the city of Carlisle. The development company's property lies immediately east of the school tract. In 1966 the development company, seeking an outlet for the street system within its subdivision, asserted the right to connect one of its streets with a network of streets that had been in existence upon the school lands for more than fifteen years.

The district resisted the company's proposal on two grounds: First, the district contended that its streets were private thoroughfares not open to indiscriminate use by the public. Secondly, the district insisted that along the entire length of its eastern boundary there was an undedicated buffer zone, varying from 12 to 29 feet in width, which separated its street network from its east boundary line and which the development company was not entitled to cross in order to obtain an outlet for its own street system.

When the development company refused to recognize its neighbor's contentions the school district brought this suit against the company and two of its officers, to restrain them from carrying out their proposal. After a trial the chancellor found in favor of the defendants, holding that there was actually no buffer zone along the edge of the school land and, secondarily, that even if such a strip existed the amount of land taken by the development company's connecting street would be so small as to bring the case within the *de minimis* doctrine. This appeal is from the ensuing decree.

In this court the appellees concede that the chancellor was in error in applying the rule of *de minimis* to a controversy involving real property. In a case

markedly similar to this one, *Brown* v. *Land, Inc.* 236 Ark. 15, 364 S. W. 2d 659 (1963), which turned upon the existence of buffer zones between subdivisions, we adhered to our earlier cases rejecting the *de minimis* principle with respect to the ownership of land.

Upon the remaining issue we find the preponderance of the evidence to be against the chancellor's conclusion that there was actually no buffer strip of undedicated land between the school district's east boundary line and a gravel north-south street running close to that boundary.

There is no contention that the north-south street in question had ever been formally dedicated, so that its exact location might be determined by referring to a plat. To the contrary, this gravel street was simply a part of the network that the school district created upon its own campus for the use of its patrons and others having occasion to visit the school grounds. The county surveyor, testifying for the district, declared positively that the buffer zone east of the north-south street does exist. His testimony was corroborated by a plat prepared by the development company's own civil engineer, which clearly shows the buffer zone. While it is true that this engineer's plat was introduced only for the limited purpose of showing "the physical layout of the school and its campus and the thoroughfares . . . or streets," we think that the question of the correct location of the north-south street falls within the purpose for which the plat was received in evidence.

Furthermore, other testimony shows without dispute that the district's eastern boundary line was marked by an old fence and by a ditch lying between that fence and the north-south road. Opposed to the convincing proof that supports the school district's position there is only the testimony of the development company's officers that when they bought their tract they thought the north-south road to be the boundary. We

quote a typical excerpt from the testimony of the development company's president:

Q. State, sir, where you consider your property line to be, the development company's property line to be with respect to the north-south road or street.

A. We considered the north-south road was the line.

Q. Was this based on any survey or engineer's work that was done by you?

A. No, sir.

Q. Based on general idea of you and the public generally?

A. Yes, we just supposed the road was the line.

Our study of the record persuades us that the decided weight of the evidence supports the school district's position. However, in remanding the case for the entry of a decree in favor of the district, we point out that the chancellor's preliminary injunction was much too broad in that it prohibited the defendants from entering upon the school property at any time whatever —even, for example, to attend a football game. There is no need for the decree to go beyond protecting the buffer strip from intrusion.

Our conclusion makes it unnecessary for us to decide whether the district's streets are public or private thoroughfares.

Reversed.